UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBERT ADAMS, III,

                            Plaintiff,

       v.

CORRECTIONS OFFICER JUSTIN TAYLOR,

                            Defendant.
_____

DECISION & ORDER

21-CV-6056EAW

        Plaintiff Robert Adams, III, filed this action against defendant Justin Taylor pursuant to 42 U.S.C. § 1983. (Docket ## 1, 15). On July 20 and 21, 2022, Taylor filed his responses to Adams's discovery demands and his initial disclosures. (Docket ## 57, 58). Adams seeks to seal these documents, maintaining that they contain confidential information, including his social security number, medical records, mental health information, inmate security classification, photographs, and criminal history. (Docket # 59). Adams also requests that the Court seal Exhibit A to his original complaint (Docket # 1-1 at 1-3), which contains Adams's medical records. (*Id.* at 3).

        In his submission, Adams suggests that Taylor's counsel improperly filed the discovery responses and initial disclosures containing confidential information with the Court. Yet, Rule 5.2(f) of the Local Rules of Civil Procedure for the Western District of New York requires that "all discovery materials in cases with incarcerated *pro se* litigants shall be filed with the Court." *See* W.D.N.Y. L.R 5.2(f). Rule 5.2(f) further provides that discovery materials include "initial or mandatory disclosures" and "responses" to "requests for production of documents," "including the documents . . . produced in response to said requests." *See*

W.D.N.Y. L.R. 5.2(f)(1)(A), (E).  Accordingly, Taylor's filings comport with this Court's local rules.

Adams's concerns regarding the confidential nature of some of the documents contained within Taylor's responses are not unreasonable.  Those concerns are adequately addressed, however, by Local Rule 5.2(f)(3), which provides that all discovery material "will automatically be restricted to Court staff and parties in the action."  *See* W.D.N.Y. L.R. 5.2(f)(3).  Pursuant to this provision, discovery materials filed with the Court are not available electronically to the general public, rather they can only be accessed by the case participants and Court staff.  *Id.*  The Court has reviewed the electronic docket in this matter and confirmed that Taylor's discovery responses and initial disclosures are docketed as restricted.  (Docket ## 57, 58).  Accordingly, that portion of Adams's motion which requests the Court to restrict public access to Taylor's discovery responses and initial disclosures is moot.

Adams's motion also requests that the Court seal the medical records attached as Exhibit A to his complaint.  (Docket # 59 at 3).  That request is granted.  *Anthony M. v. Wright*, 2018 WL 5619832, *2 (W.D.N.Y. 2018) ("courts in this Circuit routinely seal medical records, without sealing the entire case, to protect the plaintiff's privacy interests in this records").

## **CONCLUSION**

For the reasons discussed above, Adams's motion to seal **(Docket # 59)** is **GRANTED in part and DENIED in part as moot**. The Clerk of the Court is directed to seal Exhibit A to the original Complaint. (Docket # 1-1 at 1-3).

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
August 5, 2022