UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT ADAMS, III,

          Plaintiff,

     v.

CORRECTIONS OFFICER JUSTIN TAYLOR,

          Defendant.
_____

**DECISION AND ORDER**

6:21-CV-06056 EAW

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Corrections Officer Justin Taylor ("Defendant") violated his constitutional rights by failing to protect him from a physical assault that occurred on November 24, 2019 at Groveland Correctional Facility. (Dkt. 79 (second amended complaint)). The undersigned previously referred the case to United States Magistrate Judge Marian W. Payson for all pretrial matters excluding dispositive motions. (Dkt. 35)

Currently pending before the Court are (1) Plaintiff's appeal of Judge Payson's July 6, 2023 Decision and Order (Dkt. 185 ("the July 6, 2023 Decision and Order"); Dkt. 201 (Plaintiff's objection); Dkt. 202 (construing objection as an appeal)), and (2) Judge Payson's January 26, 2024 Report and Recommendation, denying Defendant's motion to dismiss and for sanctions (Dkt. 257). For the following reasons, the Court affirms the July 6, 2023 Decision and Order, and adopts Judge Payson's Report and Recommendation.

- 1 -

### I. Appeal of the July 6, 2023 Decision and Order

By way of background, on July 28, 2022, Plaintiff signed a release form permitting Defendant to receive his medical records from the period of June 2019 to June 2020 (Dkt. 72-1 at 4). Thereafter, on August 2, 2022, Plaintiff sent counsel a letter rescinding his authorization. (*Id.* at 4-6). Defendant filed a motion to compel Plaintiff to allow Defendant to execute the signed medical records release. (Dkt. 72).

On May 26, 2023, Judge Payson issued a decision granting in part and denying in part Defendant's motion for an order compelling Plaintiff to allow Defendant access to his medical records. (*See* Dkt. 150 at 22-23). Specifically, Judge Payson found that Defendant's request for disclosure of Plaintiff's health information between June 2019 until June 2020 was overbroad, and Defendant had failed to offer any argument justifying the disclosure of Plaintiff's health information from this time. (*Id*. at 23). However, Judge Payson ordered Plaintiff to provide to Defendant a HIPAA release authorizing disclosure of Plaintiff's medical records from November 24, 2019, to January 1, 2020. (*Id*.).

On May 30, 2023, Defendant filed a motion for reconsideration of that order, asking that Judge Payson permit Defendant to receive Plaintiff's medical records from October 1, 2019, through January 1, 2020. (Dkt. 151). Defendant explained that Plaintiff had various incidents of violent conduct and fighting over the past several years, and Defendant required information regarding what injuries Plaintiff may have sustained prior to November 24, 2019. (*Id*. at 1-2). Judge Payson granted the motion for reconsideration:

> Here, defendant has requested that the Court allow him access to plaintiff's medical records beginning two months before the alleged assault. Such records may allow defendant to determine whether any of plaintiff's alleged

> injuries existed before November 24, 2019, or the extent to which the alleged assault exacerbated any preexisting conditions. Because plaintiff has placed his medical conditions at issue and defendant has provided additional evidence suggesting that plaintiff may have had preexisting injuries, and because I find the narrow temporal scope of defendant's request to be reasonable, I grant defendant's motion for reconsideration and require defendants to promptly provide plaintiff with a revised HIPAA release form.

(Dkt. 185 at 5).

Thereafter, on July 24, 2023, Plaintiff filed objections to the July 6, 2023 Decision and Order. (Dkt. 201). Upon reviewing the objections, the undersigned construed them as an appeal of the July 6, 2023 Decision and Order granting Defendant's motion for reconsideration, and set a response deadline. (Dkt. 202). Defendant filed a response on August 11, 2023 (Dkt. 213), and Plaintiff replied on August 23, 2023 (Dkt. 219).

Plaintiff argues that Judge Payson erred because she considered evidence and arguments made for the first time in support of the motion for reconsideration, and also that Defendant failed to meet the demanding standard for reconsideration, including because he failed to point to new evidence or controlling decisions or data the Court overlooked. (*See* Dkt. 201; *see also* Dkt. 219). For the reasons further explained below, the Court affirms the July 6, 2023 Decision and Order granting Plaintiff's motion for reconsideration.

### A.     Legal Standard—Rule 72(a)

The standard of review with respect to Plaintiff's appeal is highly deferential—the Magistrate Judge's determination is non-dispositive, and therefore it may be set aside only if clearly erroneous or contrary to law. *See, e.g.*, *Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005) ("Under Fed. R. Civ. P. 72(a), a District Court may

set aside a Magistrate Judge's determination on a '[n]ondispositive [m]atter[ ]' only if that determination is 'clearly erroneous or contrary to law.' Discovery rulings . . . are nondispositive matters subject to that standard of review." (alterations in original)). "[A] district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y. 2014) (quotations and citations omitted); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (explaining that an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure" (quotation omitted)); *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2009 WL 749570, at *19 (S.D.N.Y. Mar. 20, 2009) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes. . . ." (quotations, citation, and alterations omitted)), *aff'd*, 460 F. App'x 66 (2d Cir. 2012).

B. **The July 6, 2023 Decision and Order is Affirmed**

The Court finds that the July 6, 2023 Decision and Order is not clearly erroneous or contrary to law. "The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Common grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l*

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 17, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court. . . ." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Contrary to Plaintiff's implication, consideration of new evidence is contemplated by a motion for reconsideration. *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255; *see also Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 69 (D. Conn. 2010) ("It is well-established that the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence. . . ." (quotations and citation omitted)). To that end, Judge Payson explained in the July 6, 2023 Decision and Order that Defendant had "provided additional evidence suggesting that plaintiff may have had preexisting injuries." (Dkt. 185 at 5). Judge Payson also explained that the records would be relevant, including because Plaintiff had placed his medical conditions at issue, and records from two months prior to the alleged assault may allow Defendant to determine whether any of Plaintiff's injuries existed prior to November 24, 2019. (*Id.*).

Judge Payson's determination on reconsideration that Plaintiff's medical records from two months prior to the assault were relevant, and that the temporal scope of Defendant's request was reasonable, was not clearly erroneous or contrary to law. It is

- 5 -

well-settled that a plaintiff's pre-injury medical records are relevant to the issue of whether the alleged injuries were caused by the defendant, or based on some pre-existing condition. *See, e.g., Melendez v. Falls*, No. 06-CV-6198CJS, 2010 WL 811337, at *2 (W.D.N.Y. Mar. 3, 2010) (explaining that the plaintiff's medical records were "clearly relevant" to his claims seeking damages in connection with alleged physical injuries, noting that the defendants had the right to inspect records revealing "medical conditions or injuries that [the plaintiff] attributes to the alleged assault or that could have contributed to or aggravated the injuries he claims resulted from that incident," and noting that the release should be limited to a reasonable period before and after the alleged injuries); *see also Cordero v. United States*, No. 19 Civ. 1320 (SLC), 2021 WL 568079, at *2 (S.D.N.Y. Feb. 16, 2021) ("Contrary to Cordero's assertion that pre-accident records are irrelevant, the Government 'is certainly entitled to explore whether the injuries [he] claims resulted from [its] conduct were in fact caused by someone else or resulted from some pre-existing condition.'" (quoting *Vargas v. United States*, 401 F. Supp. 3d 346, 347-48 (E.D.N.Y. 2018) ("Defendant is certainly entitled to explore whether the injuries Plaintiff claims resulted from Defendant's conduct were in fact caused by someone else or resulted from some pre-existing condition.")); *Deckler v. Olander*, No. 3:12CV277 (WWE), 2013 WL 1914485, at *1 (D. Conn. May 8, 2013) ("defendants are entitled to know the state of plaintiff's health prior to the accident," and granting defendants access to records for treatment received in the five years prior to accident).

In short, denying Defendant access to these records would not be appropriate given that the records are highly relevant to the issue of causation. Defendant plainly should be

permitted to explore the issue of the cause of Plaintiff's alleged injuries in defending against Plaintiff's claims, particularly where Plaintiff himself put his physical condition at issue.

Accordingly, the Court concludes that Judge Payson's decision was not "clearly erroneous or contrary to law," and Plaintiff's appeal of the July 6, 2023 Decision and Order (Dkt. 201) is denied.

## II.     Report and Recommendation

On August 4, 2023, Defendant filed a motion seeking to strike Plaintiff's July 24, 2023 conferral letter (Dkt. 203), and moving for dismissal of Plaintiff's claims, based on Plaintiff's use of abusive language towards defense counsel in the conferral letter and in other filings, in violation of Judge Payson's order that Plaintiff refrain from using inappropriate and abusive language. (Dkt. 205-1 at ¶¶ 2-6). Defendant also sought his attorney's fees associated with bringing the motion. (*Id*. at ¶¶ 6-9). Because the motion involved proceedings that occurred during discovery before Judge Payson, the Court referred the motion to Judge Payson for resolution of both non-dispositive and dispositive issues, including to issue a Report and Recommendation if necessary. (Dkt. 206). On January 26, 2024, Judge Payson issued a Report and Recommendation, recommending that the Court deny Defendant's motion to dismiss the complaint because dismissal was not warranted at that time, and also denying Defendant's associated request for attorney's fees. (Dkt. 257 at 22-26). Judge Payson granted Defendant's motion insofar as she ordered that Docket 203 be stricken from the docket. (*Id*.).

Pursuant to 28 U.S.C. § 636(b)(1), the parties had 14 days to file objections to the Report and Recommendation. No objections were filed.[1] The Court is not required to review *de novo* those portions of a report and recommendation to which objections were not filed. *See Mario v. P&C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure [to timely] object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

Notwithstanding the lack of objections, the Court has conducted a careful review of the Report and Recommendation, as well as the prior proceedings in the case, and finds no reason to reject or modify the Report and Recommendation of Magistrate Judge Payson. Therefore, the Court accepts and adopts the Report and Recommendation. For the reasons set forth in the Report and Recommendation (Dkt. 257), the Court denies Defendant's motion to dismiss (Dkt. 205).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      February 20, 2024
            Rochester, New York

---

[1] In conjunction with her Report and Recommendation, Judge Payson also issued a Decision and Order, ruling on various discovery-related motions filed by Plaintiff. (*See* Dkt. 257 at 1-2 (listing Plaintiff's discovery-related motions); *see also* Dkt. 258). Plaintiff has filed objections to these non-dispositive discovery rulings (Dkt. 259), which the Court construes as an appeal of the rulings. The Court will set response and reply deadlines for Plaintiff's appeal, and these discovery issues remain pending before the Court.