UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

ROBERT ADAMS, III,

               Plaintiff,

     v.

CORRECTIONS OFFICER JUSTIN TAYLOR,

               Defendant.

———————————————————————

**DECISION AND ORDER**

6:21-CV-06056 EAW

       Plaintiff Robert Adams, III ("Plaintiff"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983, on or about January 19, 2021, alleging that defendant Corrections Officer Justin Taylor ("Defendant") violated his constitutional rights by failing to protect him from a physical assault that occurred on November 24, 2019, at Groveland Correctional Facility ("GCF"). On May 30, 2024, Defendant filed a motion pursuant to Rule 11 of the Federal Rules of Civil Procedure seeking sanctions "for filing Exhibits page no. 10 to Docket No. 1; page no. 15 to Docket No. 79; and page no. 15 to Docket No. 90."[1] (Dkt. 294 at 1). Defendant contends that Plaintiff has submitted a fraudulent document to the Court: a memo dated December 3, 2019, purportedly written by David Caryl, Supervisor, Incarcerated Grievance Program at GCF. (*See* Dkt. 1-5 at 7-8; Dkt. 79-1 at 15-16; Dkt. 90-1 at 15-16). Caryl denies creating the document and states that it has been fabricated. (*See* Dkt. 294-1; Dkt. 330-1).

---

[1]     Defendant's counsel failed to specify the precise docket and page numbers of the allegedly fraudulent document. In any subsequently-filed motion, that specificity must be provided.

- 1 -

Rule 11 provides that an attorney or *pro se* party, by filing or submitting a document, makes certain certifications concerning the document. In order to pursue sanctions under Rule 11, the party who has filed the document must first have "an opportunity to withdraw or correct a challenged submission." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 89 (2d Cir. 2003).

> Where a sanction is initiated by a party's motion, this provision requires initial service of the motion but delays filing or presentation of the motion to the court for 21 days; filing of the motion is permitted 21 days after service only if the challenged submission is not "withdrawn or appropriately corrected."

*Id.* (citation omitted). "The safe-harbor provision is a strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012).

Defendant represents that he provided Plaintiff with the safe harbor notice and filed that notice at Docket 47. (Dkt. 294-3 at 2). Indeed, Defendant filed a letter and proposed notice of motion on May 23, 2022, demanding that "pages 10-11" of the exhibits attached to Plaintiff's initial complaint be withdrawn. (Dkt. 47).[2] But the next day Plaintiff filed a motion to file an amended complaint (Dkt. 48), and that motion was ultimately granted (Dkt. 78), resulting in the filing of the second amended complaint on October 12, 2022,

---

[2] By Decision and Order entered August 5, 2022, United States Magistrate Judge Payson granted Plaintiff's request to seal medical records attached to his complaint. (Dkt. 61). This appears to have resulted in the exhibits to the complaint being separated (*see* Dkt. 62), and thus the safe harbor notice issued before Judge Payson's Decision and Order was presumably directed to what is now pages 7 and 8 of Docket 1-5. The Court again emphasizes that in any renewed motion, Defendant's counsel must be precise with specific references to the exact docket and page numbers containing the allegedly fraudulent document.

<u>without the allegedly fraudulent document</u>. (Dkt. 79). *See Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 158 (2d Cir. 2010) ("the filing of an amended pleading resets the clock for compliance with the safe harbor requirements of Rule 11(c)(2) before a party aggrieved by the new filing can present a sanctions motion based on that pleading to the district court"). And at the time Defendant served his safe harbor notice, the complaint to which it was directed had been superseded by the first amended complaint, which was filed on May 2, 2022, <u>also without the allegedly fraudulent document</u>. (Dkt. 38). *See Kyros L. P.C. v. World Wrestling Ent., Inc.*, 78 F.4th 532, 545 n.4 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 822 (2024) ("district courts should ordinarily not reach back in time to sanction filings that were later superseded").

As noted, on initial filing neither the first amended complaint nor the second amended complaint attached the allegedly fraudulent document. Thus, at the time of the safe harbor notice, the subject document was attached to a pleading that was no longer operative, and after the filing of the safe harbor notice, Plaintiff sought leave to file an amended complaint that did not attach the allegedly fraudulent document.

That said, on October 25, 2022, Plaintiff filed a motion seeking leave to include exhibits to his second amended complaint which he had mistakenly neglected to attach (Dkt. 90), and he included the allegedly fraudulent document (Dkt. 90-1 at 15-16). But incredibly, Defendant did not object to the filing of those exhibits, including the allegedly fraudulent document. (Dkt. 99 at ¶ 5). Thus, on January 5, 2023, Plaintiff was granted permission to add the exhibits (including the allegedly fraudulent document) to his second amended complaint. (Dkt. 106).

The Court recognizes that if, in fact, the document at issue was fraudulently created by Plaintiff and submitted to the Court, he has persisted in advocating for consideration of that document, which could also constitute a violation of Rule 11.  *See* Fed. R. Civ. P. 11(b) (addressing not only the filing or submitting of a document, but also the "later advocating it").  In response to the pending motion, Plaintiff insists that the document is legitimate and that he did not fraudulently create it.  (Dkt. 316; Dkt. 317; Dkt. 325; Dkt. 326).  That issue likely cannot be resolved on the papers and may require an evidentiary hearing.

But the problem as it stands now, is that Defendant failed to comply with the safe harbor provisions of Rule 11.  Defendant served his notice directed to an exhibit attached to a pleading that was no longer operative, and he has never served a safe harbor notice directed to the exhibit attached to the second amended complaint.  Instead, Defendant consented to the filing of that exhibit.

Under the circumstances, the Court concludes that it is most appropriate to deny the pending motion without prejudice.  (Dkt. 294).  Defendant may renew the motion once he has complied with the safe harbor provisions of Rule 11.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
~~Chief Judge~~
United States District Court

Dated:     October 21, 2024
           Rochester, New York