UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT ADAMS, III,

                Plaintiff,

     v.

CORRECTIONS OFFICER JUSTIN TAYLOR,

                Defendant.

**DECISION AND ORDER**

6:21-CV-06056 EAW

---

## <u>INTRODUCTION</u>

Plaintiff Robert Adams, III ("Plaintiff"), proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983, on or about January 19, 2021, alleging that defendant Corrections Officer Justin Taylor ("Defendant") violated his constitutional rights by failing to protect him from a physical assault that occurred on November 24, 2019, at Groveland Correctional Facility ("GCF"). Presently pending before the Court are Plaintiff's objections to two decisions issued by United States Magistrate Judge Marian W. Payson, including (1) an objection to Judge Payson's Decision and Order dated January 26, 2024, denying Plaintiff's request for records at Request No. 5 of his discovery demands (Dkt. 259), and (2) an objection to Judge Payson's Decision and Order dated May 7, 2024, denying Plaintiff's challenge to Defendant's responses to his requests for admission (Dkt. 289). Because they involve challenges to non-dispositive discovery issues, the Court

construes these filings as appeals of Judge Payson's decisions.  For the following reasons, Plaintiff's appeals (Dkt. 259 & Dkt. 289) are denied.[1]

## DISCUSSION

### I.    Legal Standard—Rule 72(a)

The standard of review with respect to Plaintiff's appeals is highly deferential—the Magistrate Judge's determinations are non-dispositive, and therefore they may be set aside only if clearly erroneous or contrary to law.  *See, e.g., Eisai Ltd. v. Dr. Reddy's Labs., Inc.*, 406 F. Supp. 2d 341, 342 (S.D.N.Y. 2005) ("Under Fed. R. Civ. P. 72(a), a District Court may set aside a Magistrate Judge's determination on a '[n]ondispositive [m]atter[ ]' only if that determination is 'clearly erroneous or contrary to law.'  Discovery rulings . . . are nondispositive matters subject to that standard of review." (alterations in original)).  "[A] district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed."  *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y. 2014) (quotations and citations omitted); *see also Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013) (explaining that an order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure" (quotation omitted)); *Flaherty v. Filardi*, No. 03 Civ. 2167(LTS)(HBP), 2009 WL 749570, at *19 (S.D.N.Y. Mar. 20, 2009) ("The clearly erroneous standard is highly deferential, and magistrate judges are afforded broad

---

[1]    Plaintiff filed a letter dated October 23, 2024, asserting that the Court had failed to rule on a motion for miscellaneous relief he filed at Docket 266.  (*See* Dkt. 352).  That motion was directed to Judge Payson, and it was resolved by Judge Payson on May 7, 2024.  (*See* Dkt. 284).

discretion in resolving non-dispositive disputes. . . ." (quotations, citation, and alterations

omitted)), *aff'd*, 460 F. App'x 66 (2d Cir. 2012).

## II.     Judge Payson's Discovery Decisions are Affirmed.

The Court turns first to Plaintiff's appeal of the January 26, 2024 Decision and Order

which, in relevant part, denied Plaintiff's request for records:

> I also decline to order any further response to Request No. 5, which seeks
> documents specifying protective measures to be taken by DOCCS employees
> when a prisoner identifies a threat to his safety and requests separation from
> the source of the threat.  Prior to this Court's May 26 Decision and Order,
> defendant responded to the request by providing Directive # 4948 –
> Protective Custody Status (Docket # 57 at 5-6), and plaintiff initially
> indicated that the response was adequate (Docket # 60 at 3).  Plaintiff then
> challenged the response, and the Court directed the parties to confer, warning
> that "[n]o further motion to compel may be filed before the required conferral
> takes place."  (Docket # 150 at 14-15).  Defendant thereafter filed a
> supplemental response indicating that the "requested information cannot be
> provided due to security risk[s] and [that] this information could be used to
> counteract measures taken to ensure the safety of other incarcerated
> individuals."  (Docket # 178 at 18, ¶ 8).  According to defendant, plaintiff
> failed to further confer before filing the present motion.  (Docket # 236 at 3,
> ¶ 5).  Although plaintiff asserts that he "sent defense counsel a letter of
> conferral[] about his request [at] #5," which "was also provided to the
> Court," he did not provide a docket citation to the conferral letter.  (*See*
> Docket # 239 at 5).  *See also* L. R. Civ. P. 7(d)(3) (discovery motions must
> be accompanied by an affidavit certifying conferral, and "all related
> correspondence must be attached").

(Dkt. 257 at 11).

Plaintiff has failed to show that Judge Payson's ruling is clearly erroneous or

contrary to law.  As explained by Judge Payson, Defendant provided a document

responsive to Plaintiff's discovery request, with which Plaintiff was initially satisfied.

Plaintiff later decided that he was not satisfied with Defendant's response, and the Court

directed the parties to confer.  In connection with the present appeal, Plaintiff still has not

provided either the conferral letter, or any information as to where the conferral letter can be found on the docket. Rather, Plaintiff makes the conclusory statement that "[a]lthough plaintiff did not provide the docket #, the letter is unquestionably on the docket." (Dkt. 259 at 1). Plaintiff's filings in this case are voluminous, and the conferral letter with respect to this discovery request—if it exists—is not readily apparent on the docket. It is not this Court's responsibility to make Plaintiff's arguments for him, and he has failed to identify any information justifying the Court revisiting Judge Payson's discovery ruling on this issue.[2]

The Court turns next to Plaintiff's appeal of the May 7, 2024 Decision and Order, which addressed Plaintiff's challenge to Defendant's responses to his requests for admission:

> As stated in the January 26 Decision and Order, plaintiff served defendant with one hundred requests for admission. (Docket # 257 at 6 (citing Docket # 112)). Defendant initially denied many of those requests; after plaintiff challenged those denials on the grounds that defendant lacked personal knowledge, defendant revised many of his answers to state that he lacked

---

[2]    Plaintiff's filing at Docket 259 includes a laundry list of other discovery rulings he disputes, including Judge Payson's ruling with respect to the disclosure of the identity of a confidential informant and information about the informant, the identity of individuals who made statements against him in connection with a disciplinary proceeding, and information with respect to the policy addressing how correctional officers deal with an inmate possessing a weapon. (Dkt. 259 at 3-11). Judge Payson denied Plaintiff's requests for this information, including because the requests were either not relevant to Plaintiff's claims, or Defendant's responses were sufficient. (Dkt. 257 at 12-13, 18-19). Plaintiff has failed to articulate his objections in a precise manner—rather, he rehashes the arguments made by the parties before Judge Payson—and makes conclusory statements that the court has "completely disregarded" his right to discovery. (Dkt. 259 at 7). In other words, Plaintiff has failed to identify any error in Judge Payson's rulings, but rather states his general disagreement with them. Plaintiff has failed to show that Judge Payson's rulings on these issues are clearly erroneous or contrary to law, and he has failed to identify any information justifying the Court revisiting the discovery rulings on these issues.

sufficient information to admit or deny the matters asserted.  (*Id.* at 7 (citing
Docket ## 119, 172, 176)).  In accordance with Rule 36 of the Federal Rules
of Civil Procedure, the Court ordered defendant to review and amend his
answers to such RFAs to "describe[] his inquiries or, in most cases, why he
cannot admit or deny the RFA."  (*Id.* at 8).  As part of defendant's February
14 filing, defendant served supplemental responses to plaintiff's RFAs, in
many cases returning to simple denials of many of the RFAs that remain at
issue.  (*See* Docket # 260 at 71-77).

(Dkt. 284 at 10-11).  Judge Payson denied Plaintiff's request that the court deem the

disputed requests for admission admitted, concluding that the amended responses were

sufficient, including because Rule 36 of the Federal Rules of Civil Procedure permits a

party to deny a request for admission without giving any further explanation.  (*Id*. at 11-

12).

Plaintiff argues that Defendant should have included additional information as to

why he did not have knowledge with respect to certain requests for admission, and

describes Defendant's responses as "hog wash" and made in bad faith.  (Dkt. 289 at 3-8).

Rule 36(a)(4) states:

If a matter is not admitted, the answer must specifically deny it or state in
detail why the answering party cannot truthfully admit or deny it.  A denial
must fairly respond to the substance of the matter; and when good faith
requires that a party qualify an answer or deny only a part of a matter, the
answer must specify the part admitted and qualify or deny the rest.  The
answering party may assert lack of knowledge or information as a reason for
failing to admit or deny only if the party states that it has made reasonable
inquiry and that the information it knows or can readily obtain is insufficient
to enable it to admit or deny.

As noted by Judge Payson, defense counsel has affirmed that Defendant made a

reasonable inquiry of the information known or readily available to him, and truthfully

believes his inquiry was sufficient to enable him to deny the matters asserted.  (*See* Dkt.

284 at 11; *see also* Dkt. 278 at ¶¶ 4-5 (defense counsel's declaration, confirming that Defendant reviewed the documents and made a reasonable inquiry of the information known or readily available to him, and that Defendant truthfully denied Plaintiff's requests)). Accordingly, Defendant was permitted to assert a lack of knowledge or information in response to the disputed requests for admission. *See Wang v. Omni Hotels Mgmt. Corp.*, No. 3:18-cv-2000 (CSH), 2021 WL 5904021, at *2 (D. Conn. Dec. 14, 2021) ("the answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny").

Plaintiff has provided no further information that would cause the Court to revisit Judge Payson's ruling on this issue. Rather, he makes conclusory statements doubting the veracity of Defendant's responses. However, any argument with respect to the veracity of the responses is misplaced, since "[a] response can be sufficient, even if it is not ultimately determined to have been accurate." *Wiwa v. Royal Dutch Petroleum Co.*, No. 96 Civ. 8386(KMW)(HBP), 2009 WL 1457142, at *5 (S.D.N.Y. May 26, 2009); *see also U.S. Bank Nat'l Assoc. v. Triaxx Asset Mgmt. LLC*, No. 18-CV-4044 (BCM), 2020 WL 9549505, at *3 (S.D.N.Y. Nov. 30, 2020) ("the requesting party may not use a motion challenging the sufficiency of a response to litigate its accuracy" (citation omitted)); *Bernstein v. Principal Life Ins. Co.*, No. 09 Civ. 4925(CM)(HBP), 2010 WL 4922093, at *4 (S.D.N.Y. Dec. 2, 2010) ("Although defendant may disagree with these responses, that disagreement does not render the responses inadequate."). Accordingly, Plaintiff's appeal on this issue is denied.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's appeals of Judge Payson's discovery rulings

(Dkt. 259; Dkt. 289) are denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        December 10, 2024
                 Rochester, New York